# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

| | | |
|---|---|---|
| BRIGITTE LEE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| LIBERTY NATIONAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | | NO. CV209-111 |

## O R D E R

Plaintiff, Brigitte Lee, filed the above-captioned case against Defendant, Liberty National Life Insurance Company ("Liberty"), in the Superior Court of Glynn County, Georgia, asserting a claim for breach of an insurance contract. On July 29, 2009, Liberty removed the case to this Court, asserting that Lee's claims were preempted by the federal Employee Retirement Income Security Act ("ERISA") of 1974.

Presently before the Court is Plaintiff's motion to remand. Because the employer's conduct endorsed and established the plan in question, her motion will be **DENIED**.

### BACKGROUND

In 2003, R.H. Tyson Construction, Inc. ("Tyson"), executed a Section 125 Plan Adoption Agreement, to provide

certain insurance coverage to its employees and their beneficiaries on a pre-tax basis.[1] Tyson agreed to make payroll deductions for participating employees and to remit those sums to Liberty, the company offering the insurance coverage.

On January 3, 2007, Tyson renewed the plan. Tyson determined that employees would have to work at least thirty-two hours a week to qualify for the insurance coverage offered by Liberty. The plan listed "Liberty National Cancer Insurance" as one of the qualified benefit plans. Liberty provided a summary plan description document to Tyson to distribute to employees, and that document informed employees that they had rights under ERISA with respect to the Liberty policy. The plan identified Tyson as the plan administrator for purposes of ERISA and identified the employer as the named fiduciary.

On January 31, 2008, Tyson employee Timothy Lee applied for an insurance policy for himself, his wife (who is the Plaintiff in this action), and his son, including a Family Cancer Insurance policy issued by Liberty. According to Plaintiff's complaint, she received medical treatment on

---

[1] The plan is called a Section 125 plan because that section of the Internal Revenue Code allows the favorable tax treatment mentioned.

several occasions for which there is coverage under the policy, but Defendant has refused to pay.

On June 10, 2009, Lee filed this action in Superior Court, and served Liberty on June 30, 2009. On July 29, 2009, Liberty removed the case to federal court, asserting that Lee's claims were preempted by federal law.

## **DISCUSSION**

A district court must remand a case that has been removed to federal court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "A removing defendant has the burden of proving the existence of federal jurisdiction." <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1356 (11th Cir. 1996), <u>overruled on other grounds by</u> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072-76 (11th Cir. 2000).

Lee asserts that federal law does not preempt her claim because a federal regulation provides a safe harbor for her lawsuit to proceed in state court. The Court will explore that contention below, and also consider whether Lee's employer established or maintained the Liberty cancer insurance plan at issue, so as to satisfy statutory ERISA

3

jurisdiction.

## I. Regulatory Safe Harbor

Under a safe harbor regulation promulgated by the Labor Department, ERISA preemption of a plan or policy may be avoided, provided certain requirements are met:

> For purposes of title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).

At dispute in this case is the third requirement - employer endorsement of the policy at issue. The safe harbor

4

regulation is strictly interpreted in this Circuit. Moorman v. UnumProvident Corp., 464 F.3d 1260, 1267 (11th Cir. 2006). "The regulation explicitly obliges the employer who seeks its safe harbor to refrain from any functions other than permitting the insurer to publicize the program and collecting premiums." Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1213 (11th Cir. 1999).

Deciding on key terms, like determining the number of hours an employee has to work to be eligible for benefits, bars an employer, or the plan, from the protection of the safe harbor regulation. Id. at 1213-14. Where an employer offers only one plan to its employees on a pre-tax basis, provides plan-related documents to its employees that invoke ERISA, and where the employer acts as the plan administrator, such facts support a finding that the employer has endorsed the plan. Moorman, 464 F.3d at 1268 (discussing Anderson v. UnumProvident Corp., 322 F. Supp. 2d 1272, 1276-79 (M.D. Ala. 2002)); Hrabe v. Paul Revere Ins. Co., 951 F. Supp. 997, 1003 (M.D. Ala. 1996).

Considering all the facts of the case, the Court concludes that Tyson did not maintain sufficient neutrality in its involvement with the subject Liberty insurance plan.

5

Stoudemire v. Provident Life & Accident Ins. Co., 24 F. Supp. 2d 1252, 1256-57 (M.D. Ala. 1998). As the circuit precedent discussed above indicates, Tyson's actions were sufficient to endorse the plan under the strict guidelines set forth in the regulation. However, the fact that the safe harbor provision does not apply does not mean that the Liberty policy is part of an ERISA plan. Butero, 174 F.3d at 1214. The Court must also determine whether the policy is governed by ERISA, using the statutory framework set forth below.

## II. ERISA Governs the Liberty Plan

"[A]n 'employee welfare benefit plan' governed by ERISA is any (1) 'plan, fund or program,' (2) established or maintained (3) by an employer, (4) to provide beneficiaries (5) [medical or disability] benefits through an insurance policy." Id. (quoting 29 U.S.C. § 1002(1)).

"[W]hether a plan is 'established' is determined by the employer's conduct, not that of any other ERISA entity." Id. Additionally, the employer's subjective intention is not dispositive, or even necessarily helpful, in determining whether ERISA governs the plan. Instead, the proper viewpoint is the objectively reasonable understanding of the

employees of the company. <u>Moorman</u>, 464 F.3d at 1271.

The court considers seven factors in determining the "establishment" test:

> (1) the employer's representations in internally distributed documents; (2) the employer's oral representations; (3) the employer's establishment of a fund to pay benefits; (4) actual payment of benefits; (5) the employer's deliberate failure to correct known perceptions of a plan's existence; (6) the reasonable understanding of employees; and (7) the employer's intent.

<u>Butero</u>, 174 F.3d at 1215. No particular fact controls the analysis, but the Court considers all the surrounding circumstances. <u>Anderson v. UNUM Provident Corp.</u>, 369 F.3d 1257, 1264 (11th Cir. 2004). Where an employer acts as plan administrator, it has taken an action that supports a finding that it has established or maintained the plan. <u>Id.</u> at 1267-68.

Under the rules of law set forth in <u>Butero</u>, <u>Anderson</u>, and <u>Moorman</u>, the Court finds that Tyson established or maintained the plan, and that ERISA governs the Liberty policy under the statutory definition. As the Court has noted, Tyson decided the number of hours employees would need to work per week to become eligible for benefits, and the Liberty cancer insurance plan was the only plan offered to Tyson employees on a tax-advantaged basis. Moreover, Tyson

AO 72A
(Rev. 8/82)

provided documents to their employees that informed them that ERISA governed the plan and their rights with respect to it. Finally, Tyson was named as the plan administrator in the relevant documents. These facts amply support the Court's conclusion that ERISA governs the Liberty cancer insurance policy in dispute.

**CONCLUSION**

For the reasons explained above, Lee's motion to remand is **DENIED**. Dkt. No. 8.

**SO ORDERED**, this __14th__ day of October, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)